**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICHARD SWARTZ, ) | NO. CV 11-00389-SS |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION AND ORDER** |
| v. ) | |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**I.**

**INTRODUCTION**

Richard Swartz ("Plaintiff") brings this action seeking to overturn the decision of the Commissioner of the Social Security Administration ("Commissioner" or the "Agency") denying his application for Supplemental Security Income ("SSI"). The parties consented, pursuant to 28 U.S.C. § 636(c), to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the decision of the Agency is REVERSED and REMANDED for further proceedings.

\\

## II.

## PROCEDURAL HISTORY

Plaintiff filed an application for SSI on July 23, 2007. (Administrative Record ("AR") 61-62). In the application, he alleged a disability onset date of August 1, 2004, due to Osteoarthrosis and Diabetes. (Id.).

Initially, the Agency denied Plaintiff's claim on February 1, 2008. (AR 66). This denial was upheld upon reconsideration, and on February 29, 2008, Plaintiff requested a hearing. (AR 71). On August 7, 2008, Plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ"). (AR 13).

On October 14, 2008, the ALJ issued a decision denying benefits. (AR 13-20). The Appeals Council then denied Plaintiff's request for review on November 20, 2010. (AR 1-3). As a result, the ALJ's decision became the final decision of the Commissioner. (Id.). Plaintiff commenced the instant action on January 6, 2011.

## III.

## THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

To qualify for disability benefits, a claimant must demonstrate a medically determinable physical or mental impairment that prevents him

from engaging in substantial gainful activity,[1] which is expected to result in death or last for a continuous period of at least twelve months. <u>Reddick v. Chater</u>, 157 F.3d 715, 721 (9th Cir. 1998) (citing 42 U.S.C. § 423(d)(1)(A)). The impairment must render the claimant incapable of performing the work he previously performed, and render claimant incapable of performing any other substantial gainful employment existing in the national economy. <u>Tackett v. Apfel</u>, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(D)(2)(A)).

To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 416.920. The steps are:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not found disabled. If not, proceed to step two.

(2) Is claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three.

(3) Does claimant's impairment meet or equal the requirements for any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four.

(4) Is the claimant capable of performing his past work? If so, the claimant is found not disabled. If not, proceed to step five.

(5) Is the claimant able to do any other work? If not, the

---

[1] Substantial gainful activity means work that involves doing significant and productive physical or mental duties done for pay or profit. 20 C.F.R. § 416.910.

1 | claimant is found disabled.  If so, the claimant is found not
2 | disabled.
3 |
4 | Tackett, 180 F.3d at 1098-99; see also Bustamante v. Massanari, 262 F.3d
5 | 949, 953-54 (9th Cir. 2001); 20 C.F.R. § 416.920(b)-(g)(1).
6 |
7 |     The claimant has the burden of proof at steps one through four, and
8 | the Commissioner has the burden of proof at step five.  Bustamante, 262
9 | F.3d at 953-54.  If, at step four, the claimant meets his burden of
10 | establishing an inability to perform the past work, the Commissioner
11 | must show that the claimant can perform some other work that exists in
12 | "significant numbers" in the national economy, taking into account the
13 | claimant's residual functional capacity ("RFC"),[2] age, education, and
14 | work experience.  Tackett, 180 F.3d at 1100; 20 C.F.R. § 416.920(g)(1).
15 | The Commissioner may do so by the testimony of a vocational expert or
16 | by reference to the Medical-Vocational Guidelines appearing in 20 C.F.R.
17 | Part 404, Subpart P, Appendix 2 (commonly known as "the Grids").
18 | Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant
19 | has both exertional (strength-related) and nonexertional limitations,
20 | the Grids are inapplicable and the ALJ must take testimony from a
21 | vocational expert.  Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000).
22 | \\
23 | \\
24 | \\
25 | \\
26 |

---

[2] Residual functional capacity is "the most [one] can still do despite [his] limitations" and represents an assessment "based on all relevant evidence." 20 C.F.R. § 416.945(a).

4

## IV.

## STANDARD OF REVIEW

Under 41 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001)(citing Tackett, 180 F.3d at 1097); Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996)(citing Fair v. Bowen, 885 F.2d 597, 601 (9th Cir. 1989)).

"Substantial evidence is more than a scintilla, but less than a preponderance." Reddick, 157 F.3d at 720 (citing Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997). Specifically, it is "relevant evidence which a reasonable person might accept as adequate to support a conclusion." Id. (citing Jamerson, 112 F.3d at 1066; Smolen, 80 F.3d at 1279). To determine whether substantial evidence supports a finding, the court must "'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" Aukland, 257 F.3d at 1035 (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing that conclusion, the court may not substitute its judgment for that of the Commissioner. Reddick, 157 F.3d at 720-21 (citing Flaten v. Sec'y, 44 F.3d 1453, 1457 (9th Cir. 1995)).

\\
\\
\\
\\

**V.**

**DISCUSSION**

Plaintiff contends that the ALJ erred because 1) he failed to properly develop the record; 2) he failed to identify specific, legitimate reasons for rejecting the treating doctor's opinion; and 3) the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's credibility. The Court agrees.

**A.** **The ALJ Did Not Satisfy His Duty To Develop The Record**

The ALJ has an affirmative duty to fully and fairly develop the record in social security cases. Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001). This duty is heightened when the claimant is unrepresented or is mentally ill and thus unable to protect her own interests. Id. Moreover, ambiguous evidence or an ALJ finding that the record is so inadequate that it prevents a proper evaluation of the evidence, triggers the ALJ's duty to conduct an appropriate inquiry or gather additional information. Tonapetyan, 242 F.3d at 1150; see also Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002) (reasoning that no duty issue existed when the ALJ did not make a finding that the medical report was inadequate to make a disability determination).

Here, Plaintiff notified the ALJ that Plaintiff did not have all pertinent information relating to his alleged disability through testimony at the hearing, as well as in writing. (AR 27, 144). Specifically, Plaintiff indicated that he did not have records for surgical consultations, numerous medical appointments (AR 27), and

multiple emergency room visits. (AR 18, 29). These records may hold important information relating to Plaintiff's claim. However, instead of attempting to retrieve these records, the ALJ dismissed Plaintiff's request for assistance in obtaining these records. (AR 27). Because the ALJ failed to take steps to obtain these records, the record is incomplete.

Moreover, the ALJ had a heightened duty to develop the record because Plaintiff was unrepresented. Beyond questioning Plaintiff at the hearing, it does not appear the ALJ took any steps to develop the record. The ALJ did not subsequently request documents from Plaintiff or seek to obtain them on his own. Instead, the ALJ used the lack of medical records as support in defending his finding that "[t]he treating record does not support [Plaintiff's] allegations." (AR 15, 18). The ALJ needed to obtain these records before concluding that the record did not support Plaintiff's claim. The Court remands the action to allow the Agency to further develop the record.

**B.    The ALJ Failed to Provide Specific And Legitimate Reasons To Reject The Opinion of Plaintiff's Treating Doctor**

Where a treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 2004). Even if a treating doctor's opinion is contradicted be another doctor, the ALJ may not reject this opinion without providing specific, legitimate reasons, supported by substantial evidence in the record. Id. at 830-31. The opinion of treating doctors are entitled to special weight because the

treating doctor is hired for the purpose of curing, and has a better opportunity to know and observe the claimant as an individual. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989).

Here, the ALJ rejected the opinion of Dr. Hunt, the treating doctor, and instead, adopted to the opinion of Dr. Gerson, the consulting doctor. (AR 16). The ALJ relied on the absence of records to reject Dr. Hunt's opinion by stating, "I discount Dr. Hunt's opinion because he provides no current examination findings to support his opinion." (Id.). However, the ALJ did not attempt to see if such records existed. Because Dr. Hunt treated Plaintiff on a monthly basis (AR 263), it is likely that he would have records supporting his opinion, if such records exist.

Even if the opinion of Dr. Gerson (AR 209) contradicts Dr. Hunt (AR 230-33), the fact that the record was not adequately developed makes it impossible for the ALJ to provide specific, legitimate reasons supported by substantial evidence in the record. The ALJ did not have all the necessary information in order to determine that his reasons where supported by substantial evidence in the record. While there may be inconsistencies between the two opinions, further development of the record is required before the ALJ can point to specific and legitimate reasons for rejecting Dr. Hunt's opinion. Upon remand, the ALJ must fully develop and consider all evidence of the record.

\\
\\
\\
\\

**C.    The ALJ Failed To Provide Clear and Convincing Reasons For Rejecting Plaintiff's Credibility**

The ALJ may reject a plaintiff's testimony if he or she makes an explicit credibility finding that is "supported by specific, cogent, reasons for disbelief." Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (internal citations omitted). Unless there is affirmative evidence showing that the plaintiff's testimony is malingering, the ALJ's reasons for rejecting the plaintiff's testimony must be "clear and convincing." Lester, 81 F.3d at 834. Moreover, the ALJ may not discredit a claimant's testimony of pain and deny disability benefits solely because the degree of pain alleged by the claimant is not supported by objective medical evidence. Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir. 1991).

Here, the ALJ discredited Plaintiff's testimony in part by stating that Plaintiff's testimony was inconsistent with the consulting doctor's opinion, and that "the treating record does not support [Plaintiff's] allegations." (AR 18). However, because the record is incomplete, it was improper for the ALJ to rely on the absence of records to discredit Plaintiff's testimony. Moreover, the inconsistency between Plaintiff's testimony and the consulting doctor's opinion is rooted in the lack of records supporting Plaintiff's assertions. (AR 16). Because this issue, and the reasoning used to decide it, is tied into the incomplete record, the ALJ must reconsider this issue once the record is fully developed.

\\
\\

# VI.

# CONCLUSION

Pursuant to sentence four of 42 U.S.C. § 405(g),[3] IT IS ORDERED that Judgment be entered REVERSING and REMANDING the decision of the Commissioner for further administrative proceedings consistent with this decision. The Clerk of the Court shall serve copies of this Order and the Judgment on counsel for both parties.

DATED: September 1, 2011

/S/
SUZANNE H. SEGAL
UNITED STATES MAGISTRATE JUDGE

**THIS MEMORANDUM IS NOT INTENDED FOR PUBLICATION NOR IS INTENDED TO BE INCLUDED IN OR SUBMITTED TO ANY ONLINE SERVICE SUCH AS WESTLAW OR LEXIS.**

---

[3] This sentence provides: "The [district] court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing, the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."